IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN E. GRIFFIN,** : | **CIVIL NO. 1:CV-08-01120** |
| **Plaintiff** : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| **MELVIN S. LOCKETT, R.M.** : | |
| **LAWLER, A. LOVETT, SCOTT** : | |
| **WALTERS, and DONALD T.** : | |
| **VAUGHN,** : | |
| **Defendants** : | |

## **M E M O R A N D U M**

Before the court is Defendants' motion to set aside entry of default. (Doc. 30.) The court entered default after Defendants failed to respond to Plaintiff's complaint brought under 42 U.S.C. § 1983, which alleged violations of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution. For the reasons that follow, the court will grant Defendants' motion.

**I.        Background: Facts and Procedural History**

Plaintiff, Brian E. Griffin, an inmate currently housed at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon") filed the instant complaint, *pro se*, alleging violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. (Doc. 30.) According to Plaintiff, (1) SCI-Huntingdon lacks an adequate ventilation system, which causes, among other things, the spread of infectious diseases, (2) a power house emits black smoke into "the yard" that causes coughing and choking, (3) "general population" is overcrowded and infested with rodents, and (4) the cells in the Restricted Housing Unit are "filthy" and "freezing." (*Id.* at § 4 ¶¶ 1–6.)

Plaintiff, having exhausted available state remedies, filed the instant complaint on June 12, 2008, seeking damages and an injunction ordering Defendants to "correct the conditions at SCI-Huntingdon, or transfer [P]laintiff closer to home if conditions are not corrected." (*Id.* at § 5 ¶¶ 1–3.) Defendants failed to file an answer or other responsive pleading, and the court entered default on December 2, 2008. (Doc. 29.) On December 3, 2008, Defendants filed a motion to set aside default along with a supporting brief. (Docs. 30–31.) Plaintiff filed a brief in opposition on December 17, 2008. (Doc. 37.) Defendants opted not to file a reply brief. Accordingly, the motion is now ripe for disposition.

**II.      Discussion**

Defendants urge the court to set aside the entry of default. In deciding whether to set aside an entry of default, courts consider several factors, including (1) whether lifting the default would prejudice the plaintiff, (2) whether the defendant has a meritorious defense, and (3) whether the defaulting defendant's conduct is excusable or culpable. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73–74 (3d Cir. 1987); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). The Third Circuit "has often emphasized that it does not favor defaults, and that in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). As one court has elucidated: "If there is any doubt as to whether the default should be set aside, the court should err on the side of setting aside the default and reaching the merits of the case." *Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 803 (M.D. Pa. 1991) (citing *Zawadski de Bueno v. Bueno Castro*, 822

2

F.2d 416, 420 (3d Cir. 1987). As described below, these factors lean in favor of granting Defendants' motion to set aside the entry of default.

### A. Prejudice to Plaintiff

Generally, "[p]rejudice exists if circumstances have changed since entry of default such that plaintiff's ability to litigate its claim is not impaired in some material way or if relevant evidence has become lost or unavailable." *Accu-Weather*, 779 F. Supp. at 802. The mere fact, however, that vacating an entry of default may require the plaintiff to establish the merits of his or her claim, does not constitute prejudice, even though such a requirement may suggest impairment in common parlance. *Id.*

The court does not believe that setting aside the entry of default would prejudice Plaintiff. As an initial matter, Plaintiff fails to suggest how setting aside the entry of default might impair him in a material way. Rather, Defendants correctly point out that Plaintiff has continued access to the evidence necessary to prosecute his claim. Plaintiff, as a practical matter, will not be prejudiced by setting aside the entry of default.

### B. Meritorious Defense

A "meritorious defense," in the present context, is a defense, which, if established at trial would completely bar [a plaintiff's] recovery. *See Foy v. Dicks*, 146 F.R.D. 113, 116 (E.D. Pa. 1993) (citing *Accu-Weather*, 779 F. Supp. at 803). To satisfy this burden, a defendant must move beyond "simple denials and conclusory statements" and assert "specific facts" that provide a basis for the court to determine whether they may advance a complete defense with "merits on its face." *U.S. Currency*, 728 F.2d at 195.

Defendants have set forth two specific defenses, which they believe supports setting aside the entry of default.

First, Defendants argue that Plaintiff's "complaint even if taken as true does not state a valid cause of action for the violation of his constitutional rights." (Doc. 31 at 3.) The court does not find the recitation of this bold conclusion without any factual support persuasive. The United States Constitution forbids government imposition of "cruel and unusual punishments." U.S. Const. amend VIII. This restriction, designed to protect individuals convicted of crimes, applies to states in their operation of state correctional institutions. *See Whitley v. Albers*, 475 U.S. 312, 318–19 (1086). While correctional institutions may impose "harsh conditions" as punishment for an inmate's infliction of harm on society, the Constitution does not tolerate "unnecessary and wanton infliction of pain," which "totally [lacks] penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 345–47 (1981). Accordingly, courts have not hesitated to exercise their duty in declaring hazardous and unhealthy conditions of confinement unconstitutional. *See, e.g.*, *Jordan v. Arnold,* 408 F. Supp. 869, 876 (M.D. Pa. 1976) (holding that placing inmates in "stuffy and foul-smelling" cells in the segregated housing unit with "[l]ittle or no ventilation," inadequate control of commodes and water supply, and inadequate light for reading constituted cruel and unusual punishment); *Carty v. Farrelly,* 957 F. Supp. 727, 736 (D.V.I. 1997) (finding that prison officials' failure to remedy unsanitary conditions and inadequate ventilation of which they were aware amounted to "serious, constitutional violations"); *Tillery v. Owens*, 719 F. Supp. 1256, 1273 (W.D. Pa. 1989) (finding the combination of "inadequate cell size, unsanitary conditions, lack of ventilation, poor lighting, and inadequate and filthy

showers" created "and unconstitutional situation"), *aff'd*, 907 F.2d 418 (3d Cir. 1990).  Accordingly, the court cannot accept Defendants' conclusory statement that Plaintiff failed to state a claim upon which relief can be granted

Second, Defendants argue in the alternative that "if the complaint does state a claim based upon the factual scenario set forth in the complaint, [Defendants] are entitled to qualified immunity." (Doc. 31 at 3.)  The court does not find that this conclusory statement without more constitutes presentation of a meritorious defense.

Nonetheless, Plaintiff alleges highly fact-sensitive constitutional claims, and the court finds that many avenues exist to defend against these claims. Given the Third Circuit's preference for setting aside entries of default, the court rules that Defendants have sufficient meritorious defenses available to warrant the court finding that this factor weighs in their favor.

### C. <u>Defendants' Culpability</u>

Defendants present a third conclusory statement by which to persuade the court: "Defendants' failure to file a timely response was due to an administrative lapse by the defense counsel . . . ."  While Plaintiff correctly points out that claiming "administrative lapse" does not "make a lot of sense" (Doc. 37 at 2), there is no indication that Defendants acted willfully or in bad faith.  *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### D. <u>Consideration of Factors</u>

As a review of the relevant factors illuminates, the current case presents a close call regarding whether to vacate the entry of default.  The court, however, finds that to prevent a case with such important social and constitutional significance from being litigated would amount to an injustice against not only

Defendants, but Plaintiff as well.  Therefore, the court will err on the side of caution and set aside the entry of default.

**IV.**      **<u>Conclusion</u>**

In accordance with the foregoing discussion, the court will grant Defendants' motion to set aside the entry of default.  An appropriate order follows.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  January 26, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN E. GRIFFIN,** : | **CIVIL NO. 1:CV-08-01120** |
| **Plaintiff** : | |
| : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| **MELVIN S. LOCKETT, R.M. LAWLER, A. LOVETT, SCOTT WALTERS, and DONALD T. VAUGHN,** : | |
| **Defendants** : | |

# **O R D E R**

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED THAT** Defendants' motion to set aside the entry of default (Doc. 30) is **GRANTED**.

                                                     s/Sylvia H. Rambo
                                                     United States District Judge

Dated: January 26, 2009.