IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN E. GRIFFIN,** : | CIVIL NO. 1:CV-08-01120 |
| Plaintiff : | JUDGE SYLVIA H. RAMBO |
| v. : | |
| **JEFFREY BEARD, RAYMOND LAWLER, C. WAKEFIELD and TIMOTHY YUTZY,** : | |
| Defendants : | |

# M E M O R A N D U M

Plaintiff, Brian Edward Griffin, an inmate confined at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), in Huntingdon, Pennsylvania, filed the instant *pro se* civil rights suit pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks damages, an injunction, and a declaratory judgment. Defendants have moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the reasons that follow, the court will deny Defendants' motion to dismiss.

**I.      Background: Facts and Procedural History**

Plaintiff filed the instant complaint on June 12, 2008, alleging that conditions at SCI-Huntingdon amount to cruel and unusual punishment in violation of his rights under the Eighth Amendment to the United States Constitution. (Doc. 1.) In particular, Plaintiff complains about lack of ventilation, a smokestack that

emits a thick black smoke that fills "the yard," overcrowding, rodent infestation, filthy showers and dirty, "freezing cells." He alleges that these conditions lead to "spread of diseases" in addition to limiting his access to exercise and law library use. (*Id.* § 4 ¶¶ 1–6.) He further alleges that Defendants are aware of these conditions, but have not taken steps to improve the conditions. Plaintiff seeks damages as well as injunctive relief and a declaratory judgment. (*Id.* § 5 ¶¶ 1–3.)

On December 15, 2008, Defendants filed a motion to dismiss Plaintiff's claim, along with a supporting brief, arguing that Plaintiff had failed to state a claim upon which relief could be granted. (Doc. 35.) On December 23, 2008, Plaintiff filed a brief in opposition. (Doc. 38.) Defendants opted not to file a reply brief. Accordingly, the motion is now ripe for disposition.

## II.      **Legal Standard**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case—some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."

*Id.* A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 127 S. Ct. at 1965; *accord Phillips*, 515 F.3d at 238–39; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (The court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Caroll*, 495 F.3d 62, 66 (3d Cir. 2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Twombly*, 127 S. Ct. at 1965.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.,*

*Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). The court, however, may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

**III.**     **Discussion**

Defendants argue that the allegations in Plaintiff's complaint, even if accepted as true, "do not amount to a violation of the Eighth Amendment." (Doc. 36 at 3.) Under the United States Constitution, the Eighth Amendment, applicable to the states through the Fourteenth Amendment, proscribes: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; *see also Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991). As courts have long recognized, "confinement in a prison . . . is a form of

punishment subject to scrutiny under the Eighth Amendment standards." *Hutto v. Finney*, 437 U.S. 678, 685 (1978).

In applying the Eighth Amendment, courts have used the words "cruel and unusual" in a "flexible and dynamic manner," extending the scope of the concept beyond "barbarous physical punishments" to encompass "punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). As the Supreme Court has explained, "[a]mong the 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.' " *Id.* at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). In determining whether punishments are unnecessary and wanton

> [n]o static "test" can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society. The court has held, however, that Eighth Amendment judgments should neither be nor appear to be merely subjective views of judges. To be sure, the Constitution contemplates that in the end [a court's] own judgment will be brought to bear on the question of the acceptability of a given punishment. But such judgments should be informed by objective factors to the maximum possible extent.

*Rhodes*, 452 U.S. at 346.

With the essence of the Eighth Amendment cloaking judicial responsibility, "the soul-chilling inhumanity of conditions in American prisons has been thrust upon the judicial conscience." *Inmates of Suffolk County Jail v. Eisenstadt*, 360 F. Supp. 676, 684 (D. Mass. 1973), *quoted in Rhodes*, 452 U.S. at 354 (Brennan, J. concurring). Indeed, courts throughout Pennsylvania—careful not to usurp the task of running prisons—have been called upon to declare hazardous and unhealthy conditions of confinement unconstitutional. *See, e.g.*, *Jordan v.*

5

*Arnold,* 408 F. Supp. 869, 876 (M.D. Pa. 1976) (holding that placing inmates in "stuffy and foul-smelling" cells in the segregated housing unit with "[l]ittle or no ventilation," inadequate control of commodes and water supply, and inadequate light for reading constituted cruel and unusual punishment); *Carty v. Farrelly,* 957 F. Supp. 727, 736 (D.V.I. 1997) (finding that prison officials' failure to remedy unsanitary conditions and inadequate ventilation of which they were aware amounted to "serious, constitutional violations"); *Tillery v. Owens*, 719 F. Supp. 1256, 1273 (W.D. Pa. 1989) (finding the combination of "inadequate cell size, unsanitary conditions, lack of ventilation, poor lighting, and inadequate and filthy showers" created "an unconstitutional situation"), *aff'd*, 907 F.2d 418 (3d Cir. 1990).

        To allege such a violation, a plaintiff must allege (1) a sufficiently serious deprivation, an objective component, and (2) officials acted with deliberate indifference, a subjective component. *Wilson*, 501 U.S. at 298.  A plaintiff may properly allege that a combination of conditions of confinement constitute a sufficiently serious deprivation, "but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *Id.* at 304–05 (noting "outdoor exercise required" when inmate confined to small cell almost 24 hours a day, but not required when inmate otherwise had access to dayroom 18 hours per day).  To satisfy the second requirement, a plaintiff must allege that officials acted with deliberate indifference, meaning "the official was subjectively aware of the risk." *Farmer v. Brennan*, 511 U.S. 825, 828–29 (1994).

Plaintiff has sufficiently alleged an Eighth Amendment violation.  First, far from merely alleging "unpleasant conditions" or criticizing amorphous overall conditions, Plaintiff has alleged that specific conditions at SCI-Huntingdon deprive him of basic human needs.  For example, he alleges that the prison lacks adequate ventilation, a thick black smoke covers "the yard," and rodents have infested the correctional institution.  These conditions, if actual, suggest that officials have deprived Plaintiff of access to clean air and sanitary living conditions, which poses a serious risk to Plaintiff's short-term and long-term health.  Second, Plaintiff has alleged that Defendants acted with deliberate indifference to these conditions and maintains that they have investigated the conditions, but like Admiral Horatio Nelson have turned a blind eye to these inconvenient facts.  These allegations, accepted as true for purposes of this motion, state a claim under the Eighth Amendment.

**IV.**     **Conclusion**

For the reasons stated above, the court will deny Defendants' motion to dismiss.  An appropriate order follows.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated:  January 26, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN E. GRIFFIN,** | : | **CIVIL NO. 1:CV-08-01120** |
| **Plaintiff** | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| **JEFFREY BEARD, RAYMOND LAWLER, C. WAKEFIELD and TIMOTHY YUTZY,** | : | |
| **Defendants** | : | |

**<u>O R D E R</u>**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 35) is **DENIED**.

s/Sylvia H. Rambo
United States District Judge

Dated: January 26, 2009.