IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN EDWARD GRIFFIN,

    Plaintiff

    v.

JEFFREY BEARDS, RAYMOND LAWLER, C. WAKEFIELD and TIMOTHY YUTZY,

    Defendants

CIVIL ACTION NO: 1:08-CV-1120

JUDGE SYLVIA H. RAMBO

## MEMORANDUM and ORDER

Before the court are (1) Plaintiff's Motion for an Order Compelling Discovery (Doc. 45); and Plaintiff's Motion for Expenses and Sanctions under Rule 37(a)(b) and (g) (Doc. 56).

On February 2, 2009, Plaintiff sent interrogatories and a request for production of documents to counsel for Defendants. After receiving no reply, Plaintiff sent counsel for Defendants a follow-up letter on March 9, 2009 and again Plaintiff received nothing in response. On April 2, 2009, Plaintiff filed his motion to compel discovery. In response to that motion, on April 15, 2009, the court issued an order to show cause by April 29, 2009 why Plaintiff's motion should not be granted. (Doc. 46.) Defendants responded to the court's order indicating that they intend to respond to Plaintiff's discovery request and requested an additional twenty (20) days to do so "due to the unorthodox nature of plaintiff's requests." (Doc. 48, ¶¶ 3,5.) Defendants do not specify how Plaintiff's requests are unorthodox.

In his motion for sanctions, (Doc. 56), Plaintiff addresses Defendants' contention that his requests were unorthodox and attaches his Request for Production of Documents. Those requests, among other things, seek production of various photographs and other documentation. The court sees nothing in these requests that is unorthodox. If Defendants have the information requested they need to turn it over to Plaintiff or object to the requests on some legitimate ground. If they do not have the requested documents then they simply need to tell Plaintiff that they do not have them and why. While the court understands that Defendants counsel's office is currently understaffed, if Defendants needed additional time they should have asked Plaintiff and/or the court. It unacceptable to simply ignore Plaintiff's requests and the court will not tolerate further delay.

Because ordering an immediate response is impractical, the court will grant Plaintiff's motion to compel discovery and order Defendant to respond to Plaintiff's discovery requests by May 26, 2009. For the time being, the court will deny Plaintiff's motion for sanctions without prejudice. If Defendants do not adequately respond to Plaintiff's requests for discovery, the court will entertain another motion for sanctions.

In unrelated note, in its September 5, 2008 case management order, the court inadvertently scheduled a pre-trial conference for June 18, 2009. The court does not hold pre-trial conferences in *pro se* prisoner cases and will cancel this conference. In addition, in order to accommodate this court's criminal trials, the case will be moved to the August 2009 trial list. All other deadlines set forth in the case management order will remain the same.

In light of the foregoing, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff's Motion for an Order Compelling Discovery (Doc. 45) is **GRANTED.** Defendants shall fully respond to Plaintiff's discovery requests by no later than May 26, 2009;

(2) Plaintiff's Motion for Expenses and Sanctions under Rule 39(a)(b) and (g) (Doc. 56) is **DENIED** without prejudice. Plaintiff may file another motion for sanctions if Defendants do not respond to his discovery requests by May 26, 2009;

(3) The June 18, 2009 pretrial conference is cancelled and this case is removed from the July 2009 trial list and is added to the August 3, 2009 trial list. All other dates and provisions set forth in the court's September 5, 2008 case management order remain in effect.

s/Sylvia H. Rambo
United States District Judge

Dated: May 18, 2009.