IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**BRIAN EDWARD GRIFFIN,**

    **Plaintiff**

    **v.**

**JEFFREY BEARDS, RAYMOND LAWLER, C. WAKEFIELD and TIMOTHY YUTZY,**

    **Defendants**

**CIVIL ACTION NO: 1:08-CV-1120**

**JUDGE SYLVIA H. RAMBO**

## **MEMORANDUM and ORDER**

### **I.**     **Background**

Plaintiff, Brian Edward Griffin, an inmate confined at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), in Huntingdon, Pennsylvania, filed the instant *pro se* civil rights suit pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks damages, an injunction, and a declaratory judgment.

Plaintiff filed the instant complaint on June 12, 2008, alleging that conditions at SCI-Huntingdon amount to cruel and unusual punishment in violation of his rights under the Eighth Amendment to the United States Constitution. (Doc. 1.) In particular, Plaintiff complains about lack of ventilation, a smokestack that emits a thick black smoke that fills "the yard," overcrowding, rodent infestation, filthy showers and dirty, "freezing cells." He alleges that these conditions lead to

"spread of diseases" in addition to limiting his access to exercise and law library use. (*Id.* § 4 ¶¶ 1–6.) He further alleges that Defendants are aware of these conditions, but have not taken steps to improve the conditions. Plaintiff seeks damages as well as injunctive relief and a declaratory judgment. (*Id.* § 5 ¶¶ 1–3.) Pending before the court is Plaintiff's motion for appointment of counsel (Doc. 49). For the reasons that follow, the motion will be denied.

**II.      Discussion**

Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *see also Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In *Tabron*, the Third Circuit developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron,* 6 F.3d at 155. If a claimant overcomes this threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include (1) the Plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation, (4) the Plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57. Furthermore,

2

the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment of counsel. Assuming, solely for the purpose of deciding this motion, that Plaintiff's complaint has arguable merit, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments. Plaintiff has set forth his complaint in legibly written paragraphs. Although the facts set forth in the complaint are somewhat sparse, the legal issues are relatively uncomplicated, Plaintiff has set forth sufficient detail to enable the court to comprehend his claim, and the court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own. Furthermore, this court's liberal construction of *pro se* pleadings mitigates against the appointment of counsel. *Haines v. Kerner*, 404 U.S. 519 (1972).

Therefore, Plaintiff's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court, on its own initiative, or upon a properly filed motion by the Plaintiff.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

Plaintiff's motion for appointment of counsel (Doc. 49) is **DENIED**. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court, on its own initiative, or upon a motion properly filed by the Plaintiff.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: May 19, 2009.