IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**BRIAN EDWARD GRIFFIN,**

    **Plaintiff**

    v.

**JEFFREY BEARDS, RAYMOND LAWLER, C. WAKEFIELD and TIMOTHY YUTZY,**

    **Defendants**

**CIVIL ACTION NO: 1:08-CV-1120**

**JUDGE SYLVIA H. RAMBO**

## MEMORANDUM and ORDER

### I. Background

Plaintiff, Brian Edward Griffin, an inmate confined at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), in Huntingdon, Pennsylvania, filed the instant *pro se* civil rights suit pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks damages, an injunction, and a declaratory judgment. Plaintiff filed the instant complaint on June 12, 2008. On May 4, 2009, Timothy R. Johnson filed a motion seeking to join this action as an additional plaintiff. (Doc. 51.) Mr. Johnson's motion is sparse and there is no indication why he waited until now, almost 1-year after Plaintiff's complaint was filed and relatively close to a trial date, to move for joinder. For the reasons that follow, the court will deny Mr. Johnson's motion.

## II. Discussion

Federal Rule of Civil Procedure 20(a)(1) governs the permissive joinder of plaintiffs and provides, in relevant part: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). The purpose of Rule 20(a) is "'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple law suits.'" *Miller v. Hygrade Food Prods. Corp.,* 202 F.R.D. 142, 144 (E.D. Pa. 2001) (*quoting* 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1652 at 395 (3d ed. 2001).)

Permissive joinder should be liberally granted, but falls within the sound discretion of the court. *Id.* Ordinarily, joinder of parties with similar claims based upon a common set of facts would "promote trial convenience and expedite the final determination of disputes, thereby preventing lawsuits." *Id.* However, the court cannot simply rubber stamp a non-party's request for joinder in a particular case, and must consider whether adding that party to the case would serve the purposes contemplated by the rule.

Here, Timothy Johnson alleges that he "seeks the same relief as Mr. Griffin Jointly [sic] in respect to the conditions of confinement, arising out of the same transaction within SCI Huntingdon." (Doc. 51 at 1.) Specifically, Mr. Johnson states that his claims arise out of the alleged lack of ventilation, overcrowding, and general unsanitary conditions of the prison. *Id.* While it appears that Mr. Johnson's motion, liberally construed, does assert a cause of action that

2

arises out of the same transactions as those of Plaintiff, the court will nonetheless deny Mr. Johnson's motion because it was brought at a very a late stage of this case. Discovery closed on March 6, 2009. The dispositive motion deadline has passed. This case is set for jury selection and trial for the court's July 2009 list. To allow Mr. Johnson to enter the case at this late stage would do little to further judicial economy as discovery would have to be reopened and new deadlines set. While the court very likely would have allowed joinder had the request been brought earlier, the court is not inclined to do so now.

Therefore, in light of the foregoing, **IT IS HEREBY ORDERED THAT** Timothy Johnson's Motion for Permissive Joinder as Party to Civil Action (Doc. 51) is **DENIED**.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: May 19, 2009.