IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN EDWARD GRIFFIN,** | : |
| **Plaintiff** | : |
| | : CIVIL ACTION NO: 1:08-CV-1120 |
| v. | : |
| | : JUDGE SYLVIA H. RAMBO |
| **JEFFREY BEARD; RAYMOND LAWLER; C. WAKEFIELD; and TIMOTHY YUTZY,** | : |
| **Defendants** | : |

# M EM O R A N D U M and O R D E R

The background of this order is as follows: On May 18, 2009, the court issued an order that, among other things, required Defendants to fully respond to Plaintiff's discovery requests by no later than May 26, 2009. (Doc. 57.) On May 29, 2009, Plaintiff filed a motion for sanctions (Doc. 67), followed on June 2, 2009 by a brief in support of motion for sanctions, (Doc. 68), a motion to compel discovery (Doc. 69), and a motion for expenses and sanctions, (Doc. 70). On June 9, 2009, the court issued another order requiring Defendants to submit an omnibus response to Plaintiff's motion, and granting Plaintiff the opportunity to file a reply. (Doc. 73.) On June 15, 2009, before Defendants filed their response, Plaintiff filed "Plaintiff's Reply of Order of June 9th." (Doc. 85.) Defendants filed their response to Defendants motions on June 19, 2009, (Doc. 86), and Plaintiff filed a reply to Defendants response on June 24, 2009. (Doc. 87). Plaintiff's motions are ripe for disposition.

The gist of the dispute presented in Plaintiff's motions (Docs. 67, 69, 70), is Plaintiff's understandable frustration about the dilatory response to his discovery requests by Defendants. The nature of the delay by Defendants has been

addressed in previous memoranda and orders, and the court will not rehash it here. Defendants cavalier attitude in complying with discovery deadlines is troubling and unprofessional. Plaintiff is rightfully frustrated by Defendants less than diligent attention to this lawsuit. Nonetheless, Defendants have now responded to Plaintiff's discovery requests, albeit, not to Plaintiff's satisfaction.

Plaintiff's current frustration centers around Defendants' failure to produce certain photographs that Plaintiff believes exist, but that Defendants assert do not exist, as well as the fact that of Plaintiff's 25 interrogatories Defendants answered 6 and objected to 19. With regard to the photographs, Plaintiff states that Defendants failed to produce the following: (1) pictures of May 29, 2009 when black smoke was coming out of the smokestacks and the whole yard was covered in smoke; (2) pictures of the 2 smoke stacks in the recreation yard; (3) pictures of the vents in cells; (4) pictures from June 18, 2008 showing how crowded the hallway was going and coming from morning meals; (5) pictures of cells, including a rusted steel contaminated shelf over top of a toilet; and (6) pictures of the inside of the powerhouse where coal is thrown in the smoke stacks. (Doc. 71 at 2.) Plaintiff also complains that Defendants did not produce his medical records pertaining to taking medication for six (6) months for T.B. (*Id.*) Finally, Plaintiff expresses frustration with the fact that Defendants answered only 6 of his 25 interrogatories and objected to the rest.

In response, Defendants assert that they did not provide the pictures requested by Defendants because they do not exist. (Doc. 86, ¶ 1.) Defendants assert that they have made available all documents responsive to Plaintiff's discovery requests, and have responded as fully as possible to Plaintiff's interrogatories. (Doc. 86, ¶¶12-13.) Plaintiff disagrees, and states that he believes Defendants are lying when they say that they do not have the photographs that he

2

requested because "this prison has camera's [sic] all around the prison now, and from experience of being at Huntingdon three (3) times it is will [sic] proven that these camera's [sic] are stored for future investigations, and they do not erase these tapes." (Doc. 87, ¶ 1.) Other than Plaintiff's generalized belief that the pictures he requests must exist because the prison has cameras, Plaintiff cites no evidence that would contradict Defendants assertion that they looked for photos, but could not find any. Plaintiff has provided the court with nothing but his speculation that these photographs exist. This is insufficient, and the court will not sanction Defendants for not providing something that apparently does not exist.

It is unclear from Defendants response why Defendants did not turn over information that they had about Plaintiff's medical records concerning his treatment for tuberculosis. These allegation are arguably relevant to Plaintiff's claims that the lack of adequate ventilation in the prison contributed to the spread of communicable disease. It is possible that, like the photographs, such records do not exist. In any event, to satisfy Plaintiff's request, Defendants shall provide Plaintiff with access to his complete medical records from June 12, 2006[1] to present. Defendants shall make these records available within ten (10) days from the date of this order.

The court is not in a position to determine whether the objections leveled by Defendants to Plaintiff's interrogatories were reasonable or not as neither party submitted the interrogatories or Defendants' responses thereto. Accordingly,

---

[1] The court choose this date because it was two years prior to the filing of Plaintiff's complaint. Although, § 1983 does not contain a statute of limitations for cases brought under its purview, the court must look to the state statute of limitations for personal injury claims. *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). In Pennsylvania, the statute of limitations for personal injury is two years. 42 Pa. Cons. Stat. § 5524. Thus all of Plaintiff's § 1983 claims are subject this two-year statute of limitations, therefore any injury or illness that Plaintiff suffered before that date would be irrelevant to this lawsuit.

3

Defendants shall produce a copy of Plaintiff's interrogatories and Defendants' answers to the court for *in camera* review within ten (10) days from the date of this order. The court will defer ruling on Plaintiff's motions until it has seen Plaintiff's requests and Defendants responses.  **IT IS SO ORDERED.**

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated: July 8, 2009.