IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN EDWARD GRIFFIN,** : | |
| **Plaintiff** : | |
| : | CIVIL ACTION NO: 1:08-CV-1120 |
| v. : | |
| : | JUDGE SYLVIA H. RAMBO |
| **JEFFREY BEARD; RAYMOND** : | |
| **LAWLER; C. WAKEFIELD; and** : | |
| **TIMOTHY YUTZY,** : | |
| **Defendants** : | |

## M EM O R A N D U M and O R D E R

The background of this order is as follows: On May 18, 2009, the court issued an order that, among other things, required Defendants to fully respond to Plaintiff's discovery requests by no later than May 26, 2009. (Doc. 57.) On May 29, 2009, Plaintiff filed a motion for sanctions (Doc. 67), followed on June 2, 2009 by a brief in support of motion for sanctions, (Doc. 68), a motion to compel discovery (Doc. 69), and a motion for expenses and sanctions, (Doc. 70). On June 9, 2009, the court issued an order requiring Defendants to submit an omnibus response to Plaintiff's motion, and granting Plaintiff the opportunity to file a reply. (Doc. 73.) On June 15, 2009, before Defendants filed their response, Plaintiff filed "Plaintiff's Reply of Order of June 9th." (Doc. 85.) Defendants filed their response to Plaintiff's motions on June 19, 2009, (Doc. 86), and Plaintiff filed a reply to Defendants' response on June 24, 2009. (Doc. 87). On July 8, 2009, the court issued another order requiring Defendants to submit *in camera* copies of Plaintiff's interrogatories and its answers so that the court would have a complete record of the information provided to Plaintiff and could properly rule on Plaintiff's motions. On July 13, 2009, Defendants' counsel dropped these documents off to the court's chambers. In

his cover letter, counsel for Defendants indicates that the entire content of what was disclosed to the court was also sent to Plaintiff by U.S. Mail. Plaintiff's motions (Docs. 67, 69, 70) are finally ripe for disposition.

The court will deny all of Plaintiff's motions. Plaintiff sent four sets of interrogatories—one to each Defendant—each containing 25 questions. With one exception, Defendants responded to each and every question posed by Plaintiff.[1] Many of Plaintiff's questions have rambling introductions, were compound in nature, and asked for each Defendant's legal and/or medical opinion. Nonetheless, Defendants answered these questions or properly objected. None of Defendants' objections were inappropriate, and their answers were not evasive. The court understands that Plaintiff does not like the answers given by Defendants, and thinks that Defendants are lying. Plaintiff will have ample opportunity at trial to prove that Defendants are wrong; however, at this stage, the court finds that nothing in Defendants' answers warrants sanctions or an order to compel.

Plaintiff's motion also seeks sanctions for Defendants failure to provide certain photographs. The court dealt with this issue in its July 8, 2009 order, and will not repeat itself at length. Defendants assert that they did not provide the pictures requested by Plaintiff because they do not exist. (Doc. 86, ¶ 1.) Plaintiff disagrees, and states that he believes Defendants are lying when they say that they do not have the photographs that he requested because "this prison has camera's [sic] all around the prison now, and from experience of being at

---

[1] Defendant Beard did not answer interrogatory number 21 addressed to him. There is no explanation why no answer was provided. In that interrogatory, Plaintiff asks: "You have seen the filthy showers in the RHU, and nasty showers in population, you have seen mole [sic] on cells, but why haven't you done anything about it?" Plaintiff asked substantially similar questions to the other Defendants who answered. The court will not require Defendant Beard to file a supplement answer. This case is scheduled for a non-jury trial in October. Plaintiff can ask this question of Defendant Beard at that time if he so desires.

2

Huntingdon three (3) times it is will [sic] proven that these camera's [sic] are stored for future investigations, and they do not erase these tapes." (Doc. 87, ¶ 1.) Plaintiff also filed a document titled "Plaintiff's Response to Memorandum and Order" which was docketed as Document 101. In that document, Plaintiff expresses his displeasure with the court's July 8, 2009 order. In that document, Plaintiff also reiterates that Defendants must have photos because they have cameras, and that the cameras are used against other prisoners when they are charged with crimes at the prison. (Doc. 101.) The court will not revise its position. Defendants have stated that they do not have the pictures that Plaintiff seeks. They are not required to take pictures for Plaintiff, and Plaintiff's belief that Defendants are lying—without evidence to prove that this is the case—is insufficient.

        The pictures that Plaintiff wants purportedly show certain conditions at SCI-Huntingdon. They include pictures of two smoke stacks, pictures of the vents in cells, pictures showing crowded hallways, pictures of cells, and pictures of the powerhouse where coal is thrown into smoke stacks. (Doc. 71 at 2.) Plaintiff wants these pictures presumably as visual representations of his conditions of confinement. This case will not be tried by a jury, but rather is a bench trial. While the court understands that Plaintiff would prefer a pictorial representation of these conditions, there is nothing preventing Plaintiff from describing the conditions himself or through other fact witnesses. Defendants have said that these pictures do not exist. The court has no reason to disbelieve them. Of course, since the photos that Plaintiff seeks do not exist, Defendants will not be permitted to use any pictures of this nature at trial in defense of Plaintiff's claims.

    Much ink has been spilled by Plaintiff, Defendants, and the court over Plaintiff's discovery requests. The court is satisfied, based on the information presented *in camera*, that Plaintiff's interrogatories were fully answered or properly

objected to. Furthermore, Defendants have responded to Plaintiff's request for production of documents. Documents responsive to his requests are available to Plaintiff at SCI-Huntingdon for him to review, including access to his medical records. If Plaintiff has not already done so, then he should immediately make arrangements to review these documents.

Although Defendants' responses to Plaintiff's requests were late, they ultimately were complete. Plaintiff has not demonstrated that sanctions are warranted in this case, or that Defendants have failed to comply with his requests such that an order compelling discovery is needed.

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for sanctions, (Doc. 67), Plaintiff's motion to compel discovery, (Doc. 69), and Plaintiff's motion for expenses and sanctions, (Doc. 70), are **DENIED**.

s/Sylvia H. Rambo<br>United States District Judge

Dated: July 20, 2009.