IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**BRIAN E. GRIFFIN,**             :    **CIVIL NO. 1:CV-08-1120**

         **Plaintiff**        :    **JUDGE SYLVIA H. RAMBO**

           **v.**                :

**JEFFREY BEARD, RAYMOND**   :
**LAWLER, C. WAKEFIELD and**   :
**TIMOTHY YUTZY,**            :

         **Defendants**     :

# M E M O R A N D U M

Before the court is Plaintiff's request for a trial transcript for purposes of appeal. This request is made pursuant to 28 U.S.C. § 753(f). This section states in part, that fees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

At the close of Plaintiff's case during the non-jury civil trial in this matter, this court granted judgment as a matter of law to Defendants pursuant to Federal Rule of Civil Procedure 52(c). Attached hereto as Exhibit A are the reasons for the judgment as stated by this court in so ruling. The trial in this case began at 9:39 a.m. and ended at 11:31 a.m and the judgment was rendered at 1:40 p.m. Plaintiff was able to file a motion for new trial without the aide of a transcript. Furthermore, § 753(f) does not require the preparation of a transcript where the judge certifies that the appeal is frivolous.

In the instant case, this court finds that any appeal is frivolous and will not order a trial transcript.  An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated:  November 17, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


BRIAN E. GRIFFIN,                    :      CIVIL NO. 1:CV-08-1120
                                     :
             Plaintiff               :      JUDGE SYLVIA H. RAMBO
                                     :
      v.                             :
                                     :
JEFFREY BEARD, RAYMOND               :
LAWLER, C. WAKEFIELD and             :
TIMOTHY YUTZY,                       :
                                     :
             Defendants              :


                          **O R D E R**


             In accordance with the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT** Plaintiff's motion for a transcript of the non-jury trial in the

captioned matter is **DENIED**.


                                   s/Sylvia H. Rambo
                                   United States District Judge

Dated:  November 17, 2009.

Defendants have made a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 52(c). That rule permits the court to enter judgment if a party has been fully heard on an issue during a nonjury trial, and requires the court to make findings of fact and conclusions of law as required by Rule 52(a).

**The court makes the following findings of fact in this case.**

1. At all relevant time, Plaintiff was incarcerated at SCI-Huntingdon.

2. Plaintiff filed his complaint on June 12, 2008 naming as Defendants Jeffrey Beard, Raymond Lawler, C. Wakefield, and Timothy Yutzy.

3. Plaintiff's complaint alleges that he was subject to overcrowding, exteme temperatures, inappropriate ventilation, inappropriate emissions of smoke from the smoke stack in the yard, dust, inappropriate sanitation, pests, insects, and rodents. Plaintiff alleges that these conditions violate the 8th and 14th Amendments to the U.S. Constitution.

4. Plaintiff properly exhausted the following claims: his claim of inappropriate ventilation, emissions of smoke into the recreation yard, and rodent infestation. No other claims were properly exhausted.

5. Those claims that were properly exhausted were only exhausted as to Defendants Raymond Lawler and Timoty Yutzy. Plaintiff did not exhaust any claims as to the other Defendants.

6. During Plaintiff's presentation of his case, he adduced no evidence of any personal involvement by either Defendant Lawler of Defendant Yutzy concerning any of the aforesaid claims.

7. During Plaintiff's presentation of his case, he adduced no evidence of any harm caused to him as a result of these conditions.

**EXHIBIT A**

8.      Plaintiff introduced no medical or scientific evidence demonstrating that the conditions that he complained of will cause him any harm in the future.

9.      Plaintiff introduced no evidence that Defendants deprived him of any of his basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety from physical assault.

**The court makes the following conclusions of law:**

1.      The court finds that those claims not properly exhausted are dismissed with prejudice.

2.      All claims against Defendants Jeffrey Beard and C. Wakefield are dismissed with prejudice because Plaintiff failed to properly exhaust his administrative remedies as them.

3.      As to the remaining Defendants, Plaintiff has failed to establish a violation of the 14th Amendment to the United States Constitution.  Consistent with the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266, 233 (1994) the court concludes that Plaintiff's claim in this case is one for a violation of the Eighth Amendment because it is that Amendment that "provides an explicit textual source of constitutional protection" against the harm alleged by Plaintiff in this case.

4.      As to the remaining Defendants, Plaintiff has failed to establish a violation of the 8th Amendment to the United States Constitution.  Plaintiff's claim in this case was brought pursuant to 42 U.S.C. § 1983, which requires, among other things, that Plaintiff demonstrate that each of the Defendants was personally involved in causing the harm he alleges.  Because Plaintiff has adduced no evidence that any of the Defendants in this case was personally involved with any of his claims, Plaintiff has failed to meet his burden of proof.

**EXHIBIT A**

5.      The court finds that although there is some evidence that the conditions at SCI-Huntingdon are causing discomfort to Plaintiff, there is insufficient evidence before this court to find that they rise to the level of depriving Plaintiff of the minimal civilized measures of life's necessities.  Because this is the standard by which the court gauges whether the Eighth Amendment has been violated, the court finds no violation.

6.      The court therefore finds in favor of all Defendants and directs the clerk of court to enter judgment for Defendants and against Plaintiff under Rule 52(c) of the Federal Rules of Civil Procedure.